UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :

      v.    :    Criminal No. 05-266-03 (ESH)

GAYANE DAVTYAN    :

MEMORANDUM IN AID OF SENTENCING

    Defendant, Gayane Davtyan, by and through her attorney, submits the following in aid of sentencing which is scheduled for December 9, 2005. The charge is Misuse of Visa pursuant to 18 U.S.C. 1546 as contained in Count Five of the Indictment. A plea of Guilty was entered on September 13, 2005 pursuant to a plea agreement and a Factual Proffer. Following the entry of the plea a Presentence Investigation Report was prepared and submitted to the Court.

    1. Counsel was appointed by the Court pursuant to the Criminal Justice Act and had the opportunity to thoroughly review the case; had numerous conferences with the Defendant, in person here in Washington, D.C. on dates of court appearances and by telephone, as the Defendant resides in Los Angeles, California. Counsel also had the opportunity to consult with members of her family on September l2, 2005, who came to Washington, D.C. to be with Defendant and visit with her sister, Nora.

    2. This is an unfortunate circumstance in the life of Gayane Davtyan,

who came to this Country under circumstances as outlined in the Presentence Investigation Report. (PSI) and who has achieved much by learning the English language, pursuing her education, and devoting her career to the education of children of tender years, at an income which is far below what should be made by teachers who devote their careers to the education of children during the formative years of their lives.

    3.  Various letters were received from friends and family of the Defendant. They all reflect that she is a caring and compassionate person and had led a productive and blameless life until the present situation.  Defendant wants to stress that she received no money from the incident – therefore she did not profit from it. She wishes the Court to know that she sincerely regrets her involvement in this matter as it is out of character and contrary to her motivation to succeed in this Country and to devote her career to the care and education of little children.  She is truly an unselfish person.

    4.  As a further indication of her unselfishness, one of her friend's 69 year old mother – whose translated letter was received by Counsel – comes to Defendant's apartment several nights a week.  She speaks only Armenian and Russian, and Defendant provides company to her in the woman's daughter's absence.   She sees that she takes nourishment and her medication as prescribed

Defendant welcomes this opportunity to provide company and comfort to this person., whom she has known most of her life.

    5. Another translated letter is from a friend of the Defendant, who also was the person who posted the $2500.00 cash deposit with the Court in California, so that Defendant could be released. This indicates the trust that the person has in the Defendant.

    6. The letter from her cousin, is the most telling. It is she who knows the Defendant best and provides the background and conditions under which defendant came to this country and how she achieved her education and how she utilized that education in furtherance of her devotion to the teaching of young children. It certainly was not for monetary gain.

    7. Defendant is presently a teacher at the ABC Little School in West Hollywood, California. As the employer's letter shows, Defendant – whose married name is Gaiane Balian – has worked for the school since October of 2004 and is presently in charge of the 2 to 3 year old group. She is well regarded by her employer. Defendant loves children though not having children of her own. She married at age 40 in l999, but separated in 2003. She is concerned that her husband's children by a previous marriage have his support. and be provided for. She is an independent person and wants to make it on her own as best she can. Her

present job pays more than her previous teaching job and she hopes that her financial situation improves as time goes by.

8. Defendant stands before the Court as a forty-six year old woman, who came to this Country from Armenia fourteen years ago, learned the English language, pursued her education, worked steadily throughout, and is now a teacher of children of tender years, who is highly regarded by friends, family and employer. The offense for which judgment is awaiting involves the issuance of a visa to the mother in law of a woman who professed that she wanted her mother in law to come to the United States. It appears that the mother in law paid $4,000 to Natalya – an Armenian National in a relationship with the Embassy employee – in Armenia and the woman paid $ll,000 to Nora. There is no allegation that Defendant, Gayane Davtyan, ever received any money; she denies that she did and the Factual Proffer does not assert that she did.

9. Pursuant to the plea agreement in this case and the Guideline computations, an offense level 6 has a range of 0 to 6 months. No increase would be sought. Probation is available. Of course we know that following *United States v. Booker*, 125 S.Ct. 738 (2005), application of the Sentencing Guidelines are no longer mandatory and that 18 U.S.C. 3553(b)(1) – mandating the use of the Guidelines was excised, but that 3553(a) remains in effect. Considering that reference to the Guidelines is advisory, Defendant contends that the following

considerations are appropriate.  Defendant, Gayane Davtyan, has no prior record of any criminal conduct.  She entered this Country legally and obtained permanent residence statutes in a lawful manner.  She pursued an education that enabled her to enter the teaching profession – concentrating on the education of children in the formative years of their lives –Kindergarten and pre-school. at an income level which is far below what she could earn if her goal was profit.  She is a highly intelligent person, but who is also caring and compassionate as concerns her family, friends and the children she teaches. As her Counsel, I have recognized this from my many conversations with her. She is worried about the health and welfare of her sister, Nora, who is awaiting sentencing. She thinks of herself last.  The charged offense does not involve any element of violence.  Defendant did not know either the Embassy official nor his paramour – who it appears, will escape any liability for the offenses committed.  In view of the history and characteristics of the Defendant, it is highly improbable that she will ever be involved with any criminal conduct in the future.  She totally regrets any involvement in this case and is remorseful for the situation.

    10.  As was stated in the remedial part of the *Booker*, supra opinion: "Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals. See 18 U.S.C. A. &3553(a) (Supp. 2004).  The Act, nevertheless requires judges to consider the

5

Guidelines 'sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant. . . . (Op. Breyer J.)

    11. The Plea offer extended in this case and accepted by the Defendant, affords the Court to consider the lowest sentencing level established by the Guidelines. It includes the option of no period of incarceration or at the maximum – six months imprisonment. As Counsel for Defendant, it is strongly urged that no incarceration is most appropriate in view of the past history and characteristics of the Defendant. The nature of the offense, itself, clearly shows that "R.S." and her family were disposed to find an avenue which would enable "R.S." to come to the United States, her having attempted to emigrate in the past. It appears that their motive was for "R.S." to unite with her family. The method and means do not justify what was done in this case, and we do not know what consequences they suffered as a result. For the Defendant, this incident will inflict a stain upon her which will most likely adversely affect her career and her future in this Country, as the full consequences are unknown at this time. She would ask the Court to at least impose a period of probation under whatever conditions the Court would see fit so that she could continue her career and demonstrate that she will continue to be a law abiding person. It is submitted that she will never engage in any illegal activity in the future and that the lesson she has learned from her present circumstances will constitute an indelible impression to guide her future.

12. The above is submitted for the Court's consideration prior to the actual Sentencing of December 9, 2005. This pleading is not a substitute for full allocation which will proceed in open Court with Defendant present.

>Respectfully submitted,
>
>William J. Garber #42887
>717 D Street, N.W. Suite 400
>Washington, D.C. 20004-2817
>(202) 638-4667
>
>Attorney for Defendant