UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. CR-05-266-03 (ESH) |
| | : | |
| GAYANE DAVTYAN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant within the Guidelines range of 0 to 6 months imprisonment.

### Background

On September 13, 2005, pursuant to a plea agreement, the defendant Gayane Davtyan pled guilty to count five of an indictment pending against her, charging the defendant with fraud and misuse of visas in violation of Title 18 United States Code, Section 1546, in connection with a conspiracy scheme in which the defendant, her sister co-defendant, Nora Davtyan and co-defendant Natalya Balayan bribed a United States consular official in Armenia to issue a visa.

The defendant is scheduled to be sentenced on December 9, 2005. The statutory maximum sentence of imprisonment is ten years. Both parties agreed to the United States Sentencing Guidelines calculations utilized in the Presentence Report ("PSR") which determined the defendant's Total Offense Level to be 6 (after a two-level reduction for Acceptance of Responsibility),and the resulting sentencing range to be 0 to 6 months of imprisonment.

During her plea colloquy the defendant admitted the following facts and signed a factual proffer indicating that, she knew a woman in the vicinity of Los Angeles, California who had a mother-in-law in Armenia- referred to in the Indictment as "R.S." - who was an Armenian national. The woman wanted "R.S." to come to the United States, but "R.S." had applied for a United States non immigrant visa on three (3) occasions during 1999-2002, and on each occasion had been refused a visa on grounds that she was deemed an "intending immigrant."

Gayane Davtyan told the woman that her sister, Nora Davtyan could arrange for "R.S." to obtain a visa, and introduced the woman to Nora Davtyan, who explained they were working with someone inside the United States Embassy in Yerevan. Gayane Davtyan told the woman that it would cost "R.S." and the woman $15,000 for "R.S." to obtain a nonimmigrant visa, payable after the visa was issued. The woman agreed they would pay the bribe and she gave Gayane Davtyan the telephone number of 'R.S." in Yerevan. Later, Balayan telephoned "R.S." at that number.

On September 27, 2004, the Consular official issued a United States nonimmigrant visa to "R.S." Thereafter, "R.S." paid $4000 to Balayan in Yerevan and the woman in California gave $11,000 to Nora Davtyan. Nora Davtyan passed $6000 to the consular official through Balayan and kept the remaining $5000. Throughout these transactions, Nora Davtyan resided with Gayane Davtyan.

On October 21, 2004, "R.S." entered the United States on the nonimmigrant visa, she did not return to Armenia when the visa expired, but instead remained in the United States without authorization.

Gayane Davtyan knew that in telling the woman that it would cost $15,000 for "R.S." to obtain a United States nonimmigrant visa, she was soliciting a bribe for Nora Davtyan's associate

2

inside the United States Embassy in Yerevan, and she knew the scheme was illegal.

### Recommended Sentence

As a threshold matter the Government understands that application of United States Sentencing Guidelines is no longer mandatory. However, in United States v. Booker, 125 S.Ct. 738 (2005), the United States Supreme Court made clear that, in determining the appropriate sentence for a defendant, federal courts should calculate and consider the applicable Guidelines range, refer to the pertinent Sentencing Commission policy statements, and bear in mind the need to avoid unwarranted sentencing disparities. Id. at 764-65. Furthermore, in light of the Supreme Court's mandate that the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing," the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines, and the new standard of "reasonableness" review - it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Id. at 767. Not only is a sentence within the Guideline range presumptively reasonable, but it also accommodates the goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences.

Accordingly, in determining an appropriate sentence for the defendant, this Court should consider not only the nature and circumstances of the offense and the history and characteristics of the defendant, but also the applicable sentencing objectives, that is, that the sentence (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." See also 18 U.S.C. § 3553 (a)(1) & (2).

This Court is well aware of the respective defendants that had a role in this offense, having had the opportunity to sentence the Consular Official that received the bribe and the defendant's sister, Nora Davtyan who received a visa purchased with a bribe and then sought others to pay bribes for visas. Nora Davtyan told Gayane Davtyan the manner in which she obtained her visa. They obviously discussed the scheme and sufficient details for Gayane Davtyan to approach the daughter-in-law of "R.S." and inform her that Nora Davtyan could arrange for "R.S." to obtain a visa. More specifically, Gayane Davtyan informed the woman of the $15,000 price payable after it was issued and accepted the telephone number of "R.S." in Yerevan. "R.S." was then contacted by Natalya Balayan.

Nora Davtyan was living with Gayane Davtyan during the events and the transfer of funds directly to Nora Davtyan. To say Gayane Davtyan did not "benefit" from this activity is a stretch. The purchase of the visa for "R.S." would not have occurred if Gayane Davtyan had not made the introduction. This is not a case of a slight lapse of judgement or opportunity to commit an offense, this crime- took planning, discussion and thought. Moreover, Gayane Davtyan allowed her sister who entered this country illegally to stay in her apartment and she further engaged in the illegal activity of soliciting bribes with her sister. The mechanisms we have in place for the protection of our borders are there for a reason. We were extremely fortunate that "R.S." did not enter this country to do this nation harm. Gayane Davtyan's actions belie someone who has respect for a country that has given her opportunities and a home. This is a very serious offense and should be punished accordingly.

**Conclusion**

The United States submits that fidelity to the Guidelines and the plea agreement best accomplishes the purpose of fair and consistent sentencing and should occur absent unusual circumstances, with due regard for the information contained in the Presentence report, in which the applicable Sentencing Guidelines range is calculated and the history and characteristics of the defendant are thoroughly set forth for the consideration of the Court in imposing a sentence. For the foregoing reasons and any others that may be stated at the hearing, the United States respectfully requests that the defendant be sentenced in the guideline range pursuant to the plea agreement.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451058

By: _____
BRENDA J. JOHNSON
Assistant United States Attorney
DC Bar 370737
(202) 353-4154
brenda.johnson@usdoj.gov

LAURA A. INGERSOLL
Assistant United States Attorney
Connecticut Bar No. 306759
laura.ingersoll@usdoj.gov

National Security Section
555 4th Street, N.W. - 11th Floor
Washington, D.C. 20530

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Government's Memorandum in Aid of Sentencing has been served by fax ( 842-8469) upon counsel for defendant.

_____
BRENDA J. JOHNSON
Assistant United States Attorney